UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JAMES WILLIAMS,<br><br>Plaintiff,<br><br>v.<br><br>LAS VEGAS METRO POLICE DEPT., et al.,<br><br>Defendant. | Case No. 2:19-CV-01212-APG-EJY<br><br>**ORDER** |

Presently before the Court is Plaintiff James Williams' Application to Proceed *In Forma Pauperis* (ECF No. 1), filed on July 11, 2019.

**I.    *In Forma Pauperis* Application**

Plaintiff has submitted the declaration required by 28 U.S.C. § 1915(a) showing an inability to prepay fees and costs or give security for them. Accordingly, Plaintiff's request to proceed *in forma pauperis* will be granted.

**II.    Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, file to state a claim on which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a *pro se* plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Here Plaintiff filed a document titled "Notice of On-Going State and Federal Constitutional Violations and Request for Extraordinary Violations and Request for extraordinary Remedy (Writ of Mandamus/Prohibition)" (ECF No. 2). This document fails to state a claim upon which relief may be granted. Specifically, Plaintiff's Writ apparently seeks a ruling that includes a temporary restraining order and/or a preliminary injunction prohibiting the Las Vegas Metropolitan Police Department ("LVMPD" or "Department") from enforcing certain Clark County Codes. Plaintiff also seeks a return of property Plaintiff claims was taken by LVMPD and $500,000 in damages. Plaintiff alleges violations of the state and federal constitution, a violation of RICO (without identifying if the claim is asserted under state or federal law), and an unidentified "Sherman, Clayton, Hobbs" claim. Plaintiff also claims that he was denied access to the Courts because there are inadequate law library facilities in Clark County.

Plaintiff fails to state the necessary elements (or allege facts that would support the necessary elements) of a restraining order or injunction under Federal Rule of Civil Procedure 65. Further, the LVMPD enjoys qualified immunity from suit alleging violation so federal law so long as the Department was acting reasonably in the course of performing their job. The remainder of Plaintiff's claims fail to identify justiciable causes of action as Plaintiff fails to state claims for civil racketeering, and failure of Clark County law library facilities. The Court therefore will dismiss Plaintiff's Complaint without prejudice for the Plaintiff to file an amended complaint.

If Plaintiff chooses to file an amended complaint, the document must be titled "Amended Complaint." The amended complaint must contain a short and plain statement of the grounds for the Court's jurisdiction. *See* Fed. R. Civ. P. 8(a)(1). Additionally, the amended complaint must contain a short and plain statement describing the underlying case and Defendant's conduct that constitutes discrimination. *See* Fed. R. Civ. P. 8(a)(2). Although the Federal Rules of Civil Procedure adopt a flexible pleading standard, Plaintiff still must give the Defendant fair notice of the Plaintiff's claims against it and Plaintiff's entitlement to relief.

Additionally, Plaintiff is advised that if he files an amended complaint, the original complaint (ECF No. 2) no longer serves any function in this case. As such, the amended complaint must be complete in and of itself without reference to prior pleadings or other documents. The Court cannot refer to a prior pleading or other documents to make Plaintiff's amended complaint complete.

IT IS THEREFORE ORDERED that Plaintiff's Application for Leave to Proceed *In Forma Pauperis* (ECF No. 1) is GRANTED. Plaintiff will not be required to pay the filing fee in this action. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security for fees or costs. This Order granting leave to proceed *in forma pauperis* does not extend to the issuance of subpoenas at government expense.

IT IS FURTHER ORDERED that the Clerk of the Court must file Plaintiff's Complaint (ECF No. 2).

IT IS FURTHER ORDERED that the Complaint (ECF No. 2) is DISMISSED without prejudice for failure to state a claim upon which relief can be granted, with leave to amend. If Plaintiff chooses to file an amended complaint, Plaintiff must file the amended complaint within 30 days from the date of this Order. Failure to comply with this Order will result in a recommendation that this action be dismissed.

DATED THIS 16th day of August, 2019.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE Judge