UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

JAMES WILLIAMS,

      Plaintiff,

    v.

LAS VEGAS METRO POLICE DEPT., et al.,

      Defendant.

Case No. 2:19-CV-01212-APG-EJY

**REPORT AND RECOMMENDATION
RE:  ECF No. 14**

Before the Court is Plaintiff's Motion to Alter/Amend the Order Accepting the Report and Recommendation and Dismissing the Complaint (ECF No. 12); Screen the Actual Complaint (ECF Nos. 1-2 and 1-3); Grant Plaintiff the Injunctive Relief Sought in ECF No. 2 and Any Other Relief Deemed Just, Proper, and Equitable.[1]  ECF No. 14.

### PROCEDURAL HISTORY

This action commenced on July 11, 2019, with the filing of Plaintiff's Application to Proceed *In Forma Pauperis* (ECF No. 1).  Attached to the Application was a 212 page Complaint (ECF Nos. 1-2 and 1-3) alleging 118 (CXVIII) causes of action, in 708 paragraphs, naming 61 defendants. Plaintiff simultaneously filed a Writ of Mandamus seeking an order that would, *inter alia*, prohibit the Las Vegas Metropolitan Police Department ("LVMPD") from enforcing certain Clark County Codes.  ECF No. 2.  On August 16, 2019, the Court entered an Order granting Plaintiff's *In Forma Pauperis* Application, screening Plaintiff's Complaint, dismissing the Complaint without prejudice, and granting Plaintiff leave to amend.  ECF No. 5.  Unfortunately, the body of ECF No. 5 mistakenly referred to ECF No. 2, rather than ECF Nos. 1-2 and 1-3.  *Id.*

On September 11, 2019, Plaintiff filed a document titled Plaintiff's Motion to Alter/Amend the Judgment Dismissing his Complaint for Failure to State a Claim Upon Which Relief Can be Granted [ECF DKT. 5]; Screen the Actual Complaint [ECF DKT. 6], and Grant the Injunctive Relief Requested in [ECF DKT. 2].  This filing is docketed as ECF Nos. 7 and 8.  On September 19, 2020,

---

[1]     Hereinafter "Plaintiff's Motion" or the "Motion."

Plaintiff's Motion was denied because (1) no judgment had been issued in the case, (2) Fed. R. Civ. P. 59 and 60 did not apply, and (3) Plaintiff's Complaint was reviewed.  The September 19, 2020 Order also granted Plaintiff leave to file an amended complaint within 30 days of the date of the Order.  ECF No. 9.  One day later, the Court issued an Amended Order stating in pertinent part:

> Although Plaintiff failed to file an amended complaint within the 30 day window [originally] provided by the Court, which would ordinarily be grounds for dismissal of this action with prejudice, the Court will grant Plaintiff one additional opportunity to file a coherent amended complaint, which document must be titled "Amended Complaint." The amended complaint must contain a short and plain statement describing the facts underlying the specific causes of action Plaintiff seeks to assert. Fed. Civ. P. 8(a)(2). Although the Federal Rules of Civil Procedure adopt a flexible pleading standard, Plaintiff still must give the Defendants fair notice of the Plaintiff's claims against . . . [them] and Plaintiff's entitlement to relief.

ECF No. 10.  The September 20, 2019 Amended Order also stated: "ECF No. 5 at 2:10-12 mistakenly referenced ECF No. 2. The reference should have been to ECF No. 1-2, Civil Complaint and Claim for Damages." *Id*. at n.1.  Plaintiff did not file an Amended Complaint within 30 days of the Court's Amended Order.

On November 6, 2019, approximately 45 days after the Amended Order was filed, the Court recommended the action commenced by Plaintiff be dismissed with prejudice.  ECF No. 11.  On November 27, 2019, the District Judge accepted the recommendation and dismissed the case with prejudice.  ECF No. 12.  Plaintiff's instant Motion was filed on December 23, 2019.

In the instant Motion, Plaintiff initially states that (1) the order dismissing his Complaint included clear errors of fact and law; specifically, mistakes made during the screening process, (2) these mistakes surprised Plaintiff, (3) his failure to file an amended complaint was due to excusable neglect, (4) the judgement issued is void pursuant to 60(b)(4), and (5) extraordinary circumstances justify relief pursuant to Rule 60(b)(6) and (8).  ECF No. 14 at 3.  Plaintiff explains that he is known at the High Desert State Prison as an activist, that he was marked for retaliation by the LVMPD, and that due to the alleged ongoing conduct by Clark County he became transient and was unable to obtain legal assistance to prosecute his case.  *Id*. at 4.  Plaintiff also states that had he not become transient, he could have timely filed an amended complaint.  *Id*.  Plaintiff argues that the Court's Order dismissing his Complaint failed to explain the deficiencies found or how to correct those

1    deficiencies. Plaintiff alleges the Court never screened his Complaint and that the reference to ECF

2    No. 2, and the title of ECF No. 5 support this conclusion. *Id*. at 6.[2] Plaintiff likewise contends that

3    the title of ECF No. 11 also supports this conclusion. *Id*. at 8. Plaintiff admits that he did not timely

4    object to the Report and Recommendation (ECF No. 11), but Plaintiff says this is due to his transient

5    status, which is and was caused by the wrongful conduct of Clark County. *Id*. at 9.

6                                    **DISCUSSION**

7            Plaintiff seeks relief pursuant to Fed. R. Civ. P. 59(e) and 60(b)(1), (4), (6), and (8). Rule

8    59(e) of the Rules of Civil Procedure states that "[a] motion to alter or amend a judgment must be

9    filed no later than 28 days after the entry of the judgment." Plaintiff's Motion is timely under Rule

10   59(e).

11           Rule 60(b)(1) states that "[o]n motion and just terms, the court may relieve a party or its legal

12   representative from a final judgment, order, or proceeding for the following reasons: (1) mistake,

13   inadvertence, surprise, or excusable neglect." Rules 60(b)(4) and (6) allow, respectively, a party to

14   seek relief from a final judgment because (4) "the judgment is void; … or (6) any other reason that

15   justifies relief." There is no Federal Rule of Civil Procedure 60(b)(8).

16   A.    Plaintiff's Request for Relief Under Fed. R. Civ. P. 59(e)

17           District Courts enjoys "considerable discretion" when deciding whether to grant or deny a

18   Rule 59(e) motion because "specific grounds for a motion to amend or alter are not listed in the

19   rule." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (quoting *McDowell v.

20   Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999)). In fact, "amending a judgment after its entry

21   remains 'an extraordinary remedy which should be used sparingly.'" *Allstate*, 634 F.3d at 1101

22   (quoting *McDowell*, 197 F.3d at 1255 n.1).

23           In general, there are four basic grounds upon which a Rule 59(e) motion may be granted.

24   These include: "(1) if such motion is necessary to correct manifest errors of law or fact upon which

25   the judgment rests; (2) if such motion is necessary to present newly discovered or previously

26

27

28   ────────────
     [2]      Plaintiff alleges that the Court ignores ECF Nos. 6 and 6-1. ECF No. 6 is the first half of Plaintiff's original
     complaint (ECF No. 1-2) and shows a filing date of July 11, 2019. ECF Nos. 6 and 6-1 are not an amended complaint.

1    unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the

2    amendment is justified by an intervening change in controlling law." *Id.*; *see also Hiken v. Dep't of*

3    *Def.*, 836 F.3d 1037, 1042 (9th Cir. 2016).

4         Courts are clear that when evaluating these four grounds an error in fact or law must be more

5    than typographical or ministerial. *Pet Food Express Limited v. Royal Canin USA, Inc.*, Case No. C-

6    09-1483 EMC, 2011 WL 6140874, at *4 (N.D. Cal. Dec. 8, 2011) ("clear error should conform to a

7    very exacting standard[,] … must be one on which the final judgment was predicated, [and] the error

8    must be one that would alter the outcome of the case") (citations and internal quote marks omitted);

9    *Huhmann v. Fedex Corporation*, Case No. 13-cv-00787-BAS(NLS), 2015 WL 6128494, at *1 (S.D.

10   Cal. Oct. 16, 2015) (same); *Skidmore v. Lizarraga,* Case No. 14-cv-04222-BLF, 2020 WL 109433,

11   at *11 (N.D. Cal. Jan. 1, 2020) (rejecting a scrivener's error as a manifest factual error); *Theranos,*

12   *Inc. v. Fuisza Pharma, LLC*, Case No. 5:11–cv–05236–PSG, 2014 WL 459714, at *1 (N.D. Cal.

13   January 31, 2014) (requiring the moving party to show a "material" factual error under Rule 59(e));

14   *Nelson v. Matrixx Initiatives, Inc.*, Case No. C 09-02904 WHA, 2012 WL 4755025, at *4 (D. Nev.

15   Oct. 4, 2012) (discussing Rule 60, a factual error that does not change the outcome would not result

16   in manifest injustice).

17        Here, Plaintiff's Rule 59(e) motion alleges a manifest factual error that occurred when the

18   Court referenced ECF No. 2 (Plaintiff's Motion for Writ of Mandamus) instead of Plaintiff's 212

19   page Complaint (ECF Nos. 1-2 and 1-3) at the time the Complaint was initially dismissed without

20   prejudice on August 16, 2019.  ECF No. 5.  Plaintiff does not dispute that this Order provided him

21   30 days within which to amend his Complaint.

22        Plaintiff did not file an amended Complaint, but instead, on September 11, 2019, filed a

23   motion seeking, much like the present motion, to alter or amend "The Judgment Dismissing his

24   Complaint for Failure to State a Claim Upon Which Relief Can be Granted [ECF DKT. 5]; Screen

25   the Actual Complaint [ECF DKT. 6], and Grant the Injunctive Relief Requested in [ECF DKT # 2]."

26   Plaintiff's motion was denied, but the Court corrected its August 16, 2019 error referencing ECF

27   No. 2, rather than ECF Nos. 1-2 and 1-3.  Specifically, on September 20, 2019, the Court issued ECF

28   No. 10, in which the Court corrected its error and explained to Plaintiff that, if he chose to do so, he

had an additional 30 days to "file a coherent amended complaint." The Court further ordered that Plaintiff's Motion for Writ of Mandamus be held in abeyance and warned Plaintiff that failure to file an amended complaint could lead to dismissal with prejudice of his case. Plaintiff does not dispute these facts. ECF No. 14 at 6-7. Thus, there is no doubt that at this point, if not before, Plaintiff's Complaint was reviewed, dismissed without prejudice, leave to amend was granted, and that the amended complaint had to be sufficiently coherent, with a short and plain statement describing the facts underlying each cause of action, to allow the Court to engage in the screening process.

Between September 20 and November 6, 2019, Plaintiff filed nothing. On November 6, 2019, the Court recommended dismissal of Plaintiff's case (ECF No. 11) after providing Plaintiff more than 75 days within which to file an amended complaint (measured from the August 16, 2019 Order), and approximately 45 days after the September 20, 2019 Order to do the same. The November 6, 2019, recommendation to dismiss was adopted by the District Judge on November 27, 2019 (ECF No. 12).

The Court's August 16, 2019 error, while possibly confusing, was corrected two months before Plaintiff's case was dismissed during which time Plaintiff did not file an amended complaint despite having ample time to do so. Further, the Court's error, referencing ECF No. 2 and its title, instead of ECF No. 1-2 and 1-3 (the 212 page Complaint), was not an error of material fact. It was more akin to a scrivener's error that, while far from ideal, was corrected long before Plaintiff's Complaint was dismissed. Moreover, by informing Plaintiff in its September 20, 2019 Order that he was to file a coherent amended complaint, with short plain statements of fact supporting each cause of action, the Court provided Plaintiff with direction, to the best of its ability to do so, on how to cure the deficiencies of his incoherent Complaint.

Rule 59(e) relief is only appropriate when a legal or factual determination by a court is basis for a judgment. *Turner v. Burlington Northern Santa Fe R. Co.,* 338 F.3d 1058, 1063 (9th Cir. 2003) (stating that a Rule 59 (e) motion is only appropriate to dispute erroneous legal or factual determinations "upon which the judgment is based"). In this case, the judgment was based on Plaintiff's failure to submit an amended complaint within the lengthy period of time the Court provided for him to do so. Assuming, for argument sake only, that the Court did not review

1   Plaintiff's Complaint at the time the Order at ECF No. 5 was filed, Plaintiff received assurance that

2   the Complaint was reviewed prior to the Court issuing ECF No. 10 on September 20, 2019, which

3   gave Plaintiff another 30 days to file an amended complaint.  Plaintiff did not do so.  Judgement in

4   this case was not based on a manifest or material factual error made by the Court, but on Plaintiff's

5   failure to file an amended complaint at any time before November 27, 2019.  For this reason, the

6   extraordinary relief available under Rule 59(e) is not properly granted.

7   B.      Plaintiff's Rule 60 Relief

8          "Motions brought under Rule 60(b) require the court to balance the interest in finality of

9   judgments (ones which should not lightly be disturbed), and the desire to achieve justice.  Rule 60(b)

10  is remedial in nature and must be liberally applied, and motions made under Rule 60(b) are addressed

11  to the sound discretion of the district court."  *U.S. Bank National Association, as Trustee v. Thunder*

12  *Properties, Inc.*, Case No. 3:17-cv-00106-MMD-WGC, 2019 WL 2110512, at *3 (D. Nev. May 13,

13  2019) (citations and internal quote marks omitted).  Sound discretion is broad and only disturbed on

14  appeal for abuse of discretion.  *Broemer v. United States*, Case No. CV 01-04340 MMM (RZx),

15  2008 WL 11411403, at *3 (C.D. Cal. June 2, 2008) (citation omitted).[3]

16         Plaintiff argues a basis for relief may be found in Rule 60(b)(1).  Plaintiff states that he was

17  unaware of the Court's Orders on September 20 and November 6, 2019, because he is transient and,

18  in any event, this should not matter because "the court made the mistake" to begin with.  ECF No.

19  14 at 15.  Plaintiff says his request for relief is in good faith because he "only seeks to invoke Due

20  Process of Law" by requesting the Court to screen his Complaint.  Plaintiff avers that Judge Leen

21  (Ret.) has allowed far less artful complaints than his to proceed and, as such, the Court should grant

22  him relief to avoid a miscarriage of justice.  In addition, Plaintiff argues that Rule 60(b)(4) applies

23  to this dispute because the case "lacks due process" rendering the judgment void for failing to screen

24

25

26  [3]     In Plaintiff's argument, he does not mention surprise or excusable neglect.  Nonetheless, with respect to
27  Plaintiff's alleged "surprise," he fails to identify what surprised him.  Given that Plaintiff was warned three times that
    his case would be subject to dismissal if an amended complaint was not filed, the Court also cannot devine the nature
28  surprise.  As to excusable neglect, Plaintiff appears to make the argument that his transient status warrants relief under
    Rule 60.  However, for the reasons explained below, the Court disagrees.

Plaintiff's Complaint.  ECF No. 14 at 17.  Finally, Plaintiff argues that he is entitled to relief pursuant to Rule 60(b)(6) because "[i]t is not just to dismiss an action without first considering the merits of the case."  *Id*. at 18.

Taking Plaintiff's Rule 60(b)(4) and 60(b)(6) arguments first, the Court finds each fails.  "A final judgment is "void" for purposes of Rule 60(b)(4) only if the court that considered it lacked jurisdiction, either as to the subject matter of the dispute or over the parties to be bound, or acted in a manner inconsistent with due process of law."  *U.S. v. Berke*, 170 F.3d 882, 883 (9th Cir. 1999) (citation omitted).  Here, Plaintiff does not contend the Court lacked jurisdiction over this dispute.  Indeed, Plaintiff pled the Court has jurisdiction when he filed his Complaint alleging "all the wrongs described herein took place in Clark County, Nevada" and enumerable federal laws violated.  ECF Nos. 1-2 and 1-3.  The Court agrees with Plaintiff's pleading and, therefore, properly exercised personal and subject matter jurisdiction over the Complaint.  With respect to due process, Plaintiff's Complaint was screened, dismissed without prejudice, and the Court provided Plaintiff substantial time to amend his Complaint.  It is unclear what more the Court could or should have done other than correct its mistake, provide assurance the Complaint was reviewed, provide direction for a cure as best it could, and provide Plaintiff ample time to file an amended complaint.  Notice of potential dismissal went to Plaintiff's address on record four times (ECF Nos. 5, 9, 10, and 11) before the Complaint was dismissed with prejudice.  Given these facts, the Court finds no due process violation.  *Berke*, 170 F.3d at 883 (9th Cir. 1999).  As such, Plaintiff's assertion under Fed. R. Civ. P. 60(b)(4) fails.

With respect to Plaintiff's 60(b)(6) claim, Plaintiff must "establish the existence of extraordinary circumstances" to warrant relief.  *Mackey v. Hoffman*, 682 F.3d 1247, 1251 (9th Cir. 2012).  "[E]xtraordinary circumstances" are ones that "prevented or rendered" Plaintiff unable to prosecute his case.  *Community Dental Services v. Tani*, 282 F.3d 1164, 1168 (9th Cir. 2002) (internal citation and quote marks omitted).  Here, the extraordinary circumstances on which Plaintiff relies do not fare well when examined.  Plaintiff says he was transient, but there is nothing upon which the Court may reasonably depend that supports this assertion.  As stated above, Plaintiff was able to file a motion on September 11, 2019.  This was approximately 20 days after the original

1    Order giving him 30 days to amend his Complaint.  *Compare* ECF No. 5 *and* ECF No. 7.  Moreover,

2    Plaintiff's address on his September 11th filing is the same address as appears on Plaintiff's

3    Complaint.  *Compare* ECF No. 7 *to* ECF No. 17-2.  This is also the same address that appears on

4    Plaintiff's instant Motion (ECF No. 14).  In between Plaintiff's September 11, 2019 filing and his

5    December 23, 2019 filing no mail was returned as undeliverable despite four additional orders being

6    issued (ECF Nos. 9, 10, 11, and 12).  Based on the information available to the Court, Plaintiff has

7    not demonstrated circumstances beyond his control that prevented him from filing an amended

8    complaint and, as such, Rule 60(b)(6) relief is not warranted.  *Compare Turner v. Department of*

9    *Corrections*, Case No. 2:13-cv-1740-JAD-VCF, 2016 WL 4203818, at *2 and n.15 (D. Nev. Aug.

10   8. 2016) (citing multiple instances of undeliverable mail in support of Rule 60(b)(6) relief); *see also*

11   *Royal v. Hofer*,  Case No. 2:07-cv-0474-GEB-DAD-P, 2009 WL 2424589, at *3 (E.D. Cal. Aug. 6,

12   2009) (citations omitted) (denying Rule 60(b)(6) relief where Plaintiff's failed to keep the court

13   apprised of his current address and, even assuming legal mail was delayed, plaintiff had more than

14   sufficient time to respond to court orders); *Abad v. United States*, Case Nos. 09 Civ. 8985 (GBD)

15   and 01 Crim. 831 (GBD), 2018 WL 2021698, at *2 (S.D.N.Y April 12, 2018) (pro se plaintiff's

16   mental condition insufficient to demonstrate Rule 60(b)(6) relief when plaintiff was able to file other

17   documents with the court).

18         Finally, Plaintiff's argument under Rule 60(b)(1) fails for the same reasons that his Rule

19   59(e) and 60(b)(6) arguments fail.  Plaintiff has not demonstrated any error, the correction of which

20   would have, or even may have, changed the outcome of this case.  Plaintiff's 212 page Complaint

21   was and remains incomprehensible.  Plaintiff was given substantial time to amend his Complaint,

22   which Plaintiff never did.  Plaintiff's claim that his transient status prevented him from timely filing

23   an amended complaint fails as his address has not changed throughout these proceedings, no mail

24   was returned, and there is no basis upon which the Court can reasonably conclude that Plaintiff failed

25   to timely receive the Court's Orders directing him to file an amended complaint.  In fact, Plaintiff's

26   filing on September 11, 2019 belie this assertion.  Plaintiff's argument that it is not just to dismiss a

27   complaint without reviewing its merit also fails for the reasons that have been true since this matter

28

commenced; that is, Plaintiff's complaint was reviewed and is not reasonably comprehensible.[4] The Court does not doubt Plaintiff's good faith, but Plaintiff's good faith is expressed as his desire for his Complaint to be reviewed.  Review occurred in August 2019, and was confirmed in September 2019.  Thus, Plaintiff has not established a basis for Rule 60(b)(1) relief.

## RECOMMENDATION

For the reasons explained in detail above, Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure do not afford Plaintiff the relief he seeks.  Accordingly, IT IS HEREBY RECOMMENDED that Plaintiff's Motion (ECF No. 14) be DENIED.

Dated:  April 8, 2020

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

---

[4]    On page 12 of Plaintiff's Motion, he raises, in a somewhat repetitive and circular manner, "Errors of Law." Plaintiff claims that the error of screening Plaintiff's Motion for Writ of Mandamus (ECF No. 2) instead of his Complaint (ECF Nos. 1-2 and 1-3), constitutes "an error in law" because the Court allegedly failed to review Plaintiff's Complaint and failed to provide "Plaintiff with a notice of deficiencies and instructions on how to cure any deficiencies in his pleadings."  Plaintiff goes on to state that because his claims are valid under the "Sherman, Clayton, Hobbs and RICO Acts; the Dormant Commerce Clause; Violations of Plaintiff's Inalienable Rights under Art. 1 sec. 1 of the Nev. Const.; IV amendment [sic] False Arrest and Unreasonable seizures of property; and a plethora of other constitutional violations," there has been an error of law.  ECF No. 14 at 12.  However, other than citing to certain federal laws and facts considered under Plaintiff's claim of manifest factual error, which did not impact the judgment in this case, Plaintiff provides no evidence of a manifest legal error by the Court.  Plaintiff points to no case citation or rule that was erroneous, let alone one upon which the judgment rests.  Plaintiff also cites to no new law that would change the outcome of the Court's review.  There is no dispute that Plaintiff's Complaint was comprised of 708 paragraphs, 212 pages, and 118 causes of action that were, at best, difficult to decipher and comprehend.  Well settled law establishes that the Court is not in the business of advising litigants how to cure defects in a complaint as this advice "would undermine district judges' role as impartial decisionmakers."  *Boatley v. Arizona Dept. of Economic Security*, No. CV-15-02148-PHX-DLR, 2015 WL 13333698, at *1 (D. Ariz. Nov. 2, 2015) *citing Pliler v. Ford,* 542 U.S. 225, 231 (2004).  Moreover, Plaintiff's Complaint was not one that lacked identifiable factual allegations or failed in some other reasonably straight forward manner to allege or address an element of a cause of action that would allow the judgment to identify a deficiency and provide direction for a cure.  Simply said, there was no reasonable or practical way for the Court to instruct Plaintiff how to cure his incoherent 212 page Complaint other than, as the Court did, tell Plaintiff to file a coherent complaint comprised of short plain statements of fact underlying specific causes of action.

9

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).